# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

ANTONIO WILSON,

    *Plaintiff*,

v.

TAWANNA SHAKETIA WILSON,[1]

    *Defendant*.

CIVIL ACTION NO.
3:25-cv-00060-TES

## ORDER REMANDING CASE

In her Notice of Removal [Doc. 1], pro se Defendant Tawanna Wilson attempts to remove pending dispossessory proceedings from the Superior Court of Oglethorpe County, Georgia.

## BACKGROUND

Defendant's Notice alleges that on June 2, 2022, Antonio Wilson filed a dispossessory affidavit with the Magistrate Court of Oglethorpe County. [Doc. 1, p. 2]. The magistrate court entered an order granting Wilson a "writ of possession" on June 6,

---

[1] Defendant is no stranger to the Middle District of Georgia. The Court has dismissed several cases she filed as frivolous or for failure to state a claim. *See, e.g.*, Order on Motion to Proceed *In Forma Pauperis*, *Wilson v. Judge Coile*, 3:22-cv-66-CAR (M.D. Ga. June 27, 2022), ECF No. 3; Text Order, *Wilson v. Wilson*, 3:22-cv-00063-CDL (M.D. Ga. June 6, 2022), ECF No. 5 ("Having reviewed Plaintiff's emergency motion for stay of the dispossessory order of the state court, the Court finds that Plaintiff has stated no plausible basis for federal jurisdiction, and if she did, abstention principles would counsel this Court from interfering with the adequate process established under state law for Plaintiff to have her grievances heard. Accordingly, Plaintiff's motion is denied."); Order Dismissing Case as Frivolous, *Wilson v. Oglethorpe Superior Ct.*, 3:25-cv-26-TES (M.D. Ga. Mar. 27, 2025), ECF No. 3.

2022. [*Id.*]. On September 30, 2024, Defendant filed an appeal with the Superior Court of Oglethorpe County. [*Id.*]. The superior court held a hearing and "postpone[d] ruling on the jurisdictional defect" of the magistrate court's order. [*Id.*].

Defendant contends that this Court has jurisdiction under 28 U.S.C. § 1331 because the case presents "violations of [her] rights under the Due Process Clause of the Fourteenth Amendment[.]" [*Id.* at p. 3]. Defendant also argues that removal is proper under 28 U.S.C. § 1443 because the state courts are violating the promise of equal civil rights. [*Id.*].

Defendant's requested relief includes:

- Ordering the superior court to hold a hearing;

- Sanction the attorneys, court reporter, and judge in the state action; and

- Declare Defendant's equitable rights in the subject property.

[*Id.* at pp. 4–5].

## LEGAL STANDARD

Federal courts only have the ability to adjudicate cases as "authorized by Constitution and statute." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999); *Gunn v. Minton*, 568 U.S. 251, 256 (2013). In other words, unless Article III of the Constitution provides the jurisdictional basis, federal courts simply have no authority to act without a statutory grant of subject-matter jurisdiction. *Univ. of S. Ala.*, 168 F.3d at 409; *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Whenever there are

uncertainties of a federal court's exercise of subject-matter jurisdiction, remand is the appropriate course of action. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

## **DISCUSSION**[2]

First, Defendant asserts the Court has original jurisdiction under 28 U.S.C. § 1331. But, as this Court previously explained to Defendant in another case,[3] the *Rooker–Feldman* doctrine bars the Court from considering Defendant's action. Under *Rooker–Feldman,* a United States District Court has no authority to review the judgments or actions of a state court, except in the context of an application for a writ of habeas corpus or general constitutional challenge to a state rule or statute. *See D.C. Ct. of Appeals v. Feldman,* 460 U.S. 462, 476–82 (1983); *Rooker v. Fidelity Tr. Co.,* 263 U.S. 413, 415–16 (1923). Thus, when a party files a civil rights action related to an issue she has already litigated in state court, the district court must determine whether the party seeks constitutional review of a rule or statute that was relied upon by the state court or, instead, contends that the state court committed a constitutional error in arriving at its decision. *Feldman,* 460 U.S. at 486–87. "A district court has jurisdiction to hear suits concerning the former but not the latter.*" Pugh v. Windom,* No. 2:13–cv–0509, 2013 WL

---

[2] The Court maintains a duty to "inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

[3] Order Dismissing Case as Frivolous, *Wilson v. Oglethorpe Superior Ct.*, 3:25-cv-26-TES (M.D. Ga. Mar. 27, 2025), ECF No. 3.

6145642, at *2 (M.D. Ala. Nov. 21, 2013).

Defendant's suit falls within the latter category, and this Court lacks jurisdiction to review the Superior Court's decision or instruct it to take action. *See Carey v. Free*, 272 F. App'x 875, 876 (11th Cir. 2008); *see also Restivo v. Bank of Am. NA*, No. 3:18-CV-68 (CAR), 2019 WL 1117910, at *2 (M.D. Ga. Mar. 10, 2019) (dismissing a similar claim under the *Rooker-Feldman* doctrine because the "Plaintiff blatantly request[ed] that this Court nullify the Superior Court's Final [Dispossessory] Judgment"); *Lamar v. 118th Jud. Dist. Ct. of Tex.*, 440 F.2d 383, 384 (5th Cir. 1971) ("[F]ederal courts have no general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties[.]").[4]

As for § 1443, the removing party must satisfy a two-prong test. As the Eleventh Circuit explained in affirming the remand of a dispossessory proceeding:

> [A removing] petitioner [under § 1443] must show that the "right upon which [she] relies arises under a federal law providing for specific civil rights stated in terms of racial equality." *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001) (quotation omitted) (citing *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)). Claims of violations of rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination will not suffice. *Id.* Second, the petitioner "must show that he has been denied or cannot enforce that right in the state courts." *Id.* Land use rights generally are reserved for state courts. *Sofarelli v. Pinellas County*, 931 F.2d 718, 724 (11th Cir. 1991).

---

[4] Because the Eleventh Circuit was previously a part of the Fifth Circuit, cases decided by the Fifth Circuit prior to October 1, 1981, are precedential to this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

4

*Wells Fargo Bank, N.A. v. Henley*, 198 F. App'x 829, 830 (11th Cir. 2006). Like in *Wells Fargo*, Defendant "fail[s] to allege adequate grounds for removal of [her] dispossessory action pursuant to § 1443(1), because [her] claim [is] not based on the denial of civil rights stated in terms of racial equality."[5] *Id.* Furthermore, there is "no evidence that [she] . . . could not enforce [her] rights in state court." *Id.*

Finally, Defendant asserts that the Court may entertain her state-law claims under the Court's supplemental jurisdiction. However, because the Court does not have original subject-matter jurisdiction,[6] it may not exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(a).

## **CONCLUSION**

In sum, the Court lacks jurisdiction over this case. Therefore, the Court **REMANDS** the action to the Superior Court of Oglethorpe County, Georgia. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 23rd day of April, 2025.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[5] To be clear, Defendant bases her removal on due-process violations, which "the Supreme Court has specifically held to not constitute a basis for removal under § 1443(1)." *Dixit v. Dixit*, No. 1:18-CV-1717-TWT, 2018 WL 10509243, at *3 (N.D. Ga. May 7, 2018); *see also Rachel*, 384 U.S. at 792.

[6] The Court also lacks diversity jurisdiction because Defendant's Notice of Removal lists both her and Antonio Wilson as domiciled in Georgia. [Doc. 1-1, p. 1].

5