# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| ANTONIO WILSON,<br><br>    *Plaintiff*,<br><br>v.<br><br>TAWANNA SHAKETIA WILSON,<br><br>    *Defendant*. | CIVIL ACTION NO.<br>3:25-cv-00060-TES |

## ORDER DENYING MOTION FOR RECONSIDERATION

On April 23, 2025, the Court remanded this action to the Superior Court of Oglethorpe County, Georgia after concluding that the Court lacked subject-matter jurisdiction. *See* [Doc. 2]. Following that Order, Defendant Tawanna Wilson filed the instant Motion for Reconsideration [Doc. 5].

## BACKGROUND

Defendant's Notice of Removal [Doc. 1] alleges that on June 2, 2022, Antonio Wilson filed a dispossessory affidavit with the Magistrate Court of Oglethorpe County. [Doc. 1, p. 2]. The magistrate court entered an order granting Wilson a "writ of possession" on June 6, 2022. [*Id.*]. On September 30, 2024, Defendant filed an appeal with the Superior Court of Oglethorpe County. [*Id.*]. The superior court held a hearing and "postpone[d] ruling on the jurisdictional defect" of the magistrate court's order.

[*Id.*].

Defendant contends that this Court has jurisdiction under 28 U.S.C. § 1331 because the case presents "violations of [her] rights under the Due Process Clause of the Fourteenth Amendment[.]" [*Id.* at p. 3]. Defendant also argues that removal is proper under 28 U.S.C. § 1443 because the state courts are violating the promise of equal civil rights. [*Id.*].

Defendant's requested relief includes:

- Ordering the superior court to hold a hearing;
- Sanction the attorneys, court reporter, and judge in the state action; and
- Declare Defendant's equitable rights in the subject property.

[*Id.* at pp. 4–5].

## **LEGAL STANDARD**

At the outset, "'motions for reconsideration are disfavored'" and "'relief under Rule 59(e) is an extraordinary remedy to be employed sparingly.'" *Mercer v. Perdue Farms, Inc.*, No. 5:10-cv-324 (CAR), 2012 WL 1414321, at *1 (M.D. Ga. Apr. 20, 2012) (quoting *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010)); *see also Daker v. Dozier*, No. 5:17-cv-25 (CAR), 2017 WL 4797522, at *1 (M.D. Ga. Oct. 24, 2017); [Doc. 180 at pp. 2–3]. Furthermore, Rule 59(e) "cannot serve as a vehicle to relitigate old matters or present the case under a new legal theory . . . [or] give the moving party another 'bite at the apple' by permitting the arguing of issues and

procedures that could and should have been raised prior to judgment." *Daker*, 2017 WL 4797522, at *1 (internal quotation marks omitted) (alterations in original).

The Court recognizes only three circumstances that warrant reconsideration of a prior order under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Daker v. Humphrey*, Civil Action No. 5:12-CV-461 (CAR), 2013 WL 1296501, at *2 n.1 (M.D. Ga. Mar. 27, 2013) (quoting *Fla. College of Osteopathic Med., Inc. v. Dean Witter*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)).

## **DISCUSSION**

Defendant asks the Court to reconsider its prior Order to the extent that it concluded the Court lacked diversity jurisdiction. *See* [Doc. 2, p. 5 n.6]. In her Motion, Defendant argues that she and Antonio Wilson are "citizens of [separate] nations." [Doc. 5, p. 4]. To support that contention, Defendant included documents she alleges shows her membership in the Coosa Nation-State of North America. [Doc. 5-2, p. 2]. Defendant also included legal documents—*e.g.*, two motor-vehicle titles, etc.—showing her physical address as 11 Beaver Run Road, Winterville, Georgia, 30683.

Diversity jurisdiction exists over civil actions between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). For purposes of that analysis, citizenship equates to domicile. *See Simpson v. Fender*, 445 F. App'x 268, 270 (11th Cir. 2011). Domicile means "the place of [a person's] true fixed, and permanent home and principal establishment, and to

which he has the intention of returning whenever he is absent therefrom." *Id.* (citations omitted).

From the evidence Defendant placed in the record, the Court is satisfied that she is domiciled in Georgia. *See, e.g.*, [Doc. 5-2, p. 2 (certificate of kinship showing a Georgia physical address)]; [Doc. 5-2, p. 3 (tribe identification card with Georgia address)]; [Doc. 5-2, p. 6]; [Doc. 5-5, pp. 1–2 (Georgia motor vehicle titles with a Georgia address listed for Defendant)].[1] Regardless, even accepting Defendant's contention that she is a member of a tribal nation, *see* [Doc. 5-2, p. 2], the Court would still lack diversity jurisdiction. That's because "tribal members are treated as citizens of the state where they reside for the purpose of establishing diversity jurisdiction under 28 U.S.C. § 1332[.]" *Gilmore v. Salazar*, 748 F. Supp. 2d 1299, 1314 (N.D. Okla. 2010). For Defendant, as outlined above, she—at least—resides in Georgia (even if she claims to be a member of a tribal nation). That means the Court lacks diversity jurisdiction.

## CONCLUSION

In sum, the Court reviewed Defendant's Motion and found no basis for reconsideration. Therefore, the Court **DENIES** Defendant's Motion for Reconsideration [Doc. 5].

*[signature and date on following page]*

---

[1] The Clerk is **DIRECTED** to **REDACT** Defendant's Social Security Number and month of birth found in her exhibits at [Doc. 5-2, p. 5]. *See* L.R., MDGA 5.4(A). Following the redaction, the Clerk is **DIRECTED** to re-file the exhibits on the docket.

**SO ORDERED**, this 2nd day of May, 2025.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
